IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.  CRIMINAL CASE NO.: 1:21-CR-22-SA

KIZZY MABRY  DEFENDANT

ORDER

Now before the Court is the Defendant, Kizzy Mabry's, pro se Motion [57] requesting early termination of her probation.

In this case, Mabry waived indictment and pled guilty to a one-count Information [34]. In particular, Mabry pled guilty to "falsely stating and misrepresenting to the Social Security Administration, in a filed Request for Reconsideration of a decision to terminate her disability insurance benefits, that she was disabled and not able to work, when in fact, she then well knew that she was working[.]" [34] at p. 1. Mabry's sentencing hearing was held on February 15, 2022, at which time the Court sentenced Mabry to a five-year probationary sentence and ordered Mabry to pay restitution in the amount of $32,340.30. *See* [40].

In her present filing, Mabry requests early termination and notes that she desires to move to Georgia and obtain new employment making higher wages. She points out that her current income level "has been a financial strain on [her] family." [57] at p. 2.

Under the applicable statute, "the court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]" 18 U.S.C. § 3583(e)(1). Notably, the Fifth

Circuit has held that the statute "confers broad discretion." *United States v. Jeanes*, 150 F.3d 483, 484 (5th Cir. 1998).

At this time, the Court sees no reason to terminate Mabry's probation early. Although she has made payments toward her restitution, she still owes a significant sum of money. She was also revoked in April 2025 based upon multiple Grade C violations. The Court notes that other than the events that led to that revocation, Mabry has otherwise complied with the terms of her probation. However, that compliance alone does not justify early termination. *See, e.g.*, *United States v. Guidry*, 2020 WL 908542, at *1 (N.D. Tex. Feb. 13, 2020) ("Generally, compliance with the terms of supervised release and with the law alone is not enough to warrant early termination; such conduct is expected and required.").

The Court declines to terminate Mabry's probation early. She has provided no legitimate basis for such relief. The *pro se* Motion [57] is hereby DENIED.

SO ORDERED, this the 14th day of January, 2026.

/s/ Sharion Aycock
SENIORUNITED STATES DISTRICT JUDGE